LINDSAY IRVING, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

RAILROADS: Public Alley. Plaintiff's mule was killed by an engine at the intersection of an alley with defendant's tracks. The alley was constructed like an ordinary street crossing over a railroad track, and used by the public as a crossing. No bell was rung as the train approached the crossing. *Held*, that as the crossing over the track in question was in appearance like other crossings over railroad tracks, the jury had the right to infer that it was placed there by the company for the use of the public and the court had the right to assume that it was a public crossing.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*W. F. Evans, Sebree, Conrad & Wendorff* for appellant.

(1) The court erred in refusing to instruct the jury as requested at the close of plaintiff's evidence, and again at the close of all the evidence that the plaintiff was not entitled to recover and to return a verdict for defendant. The evidence failed to establish that the mule was killed at a "place where the railroad crosses a trav-

eled public road or street." Sec. 3140, R. S. 1909; State v. Transue, 131 Mo. App. 323; Smith v. Railroad, 47 Mo. App. 546; Day v. Railroad, 132 Mo. App. 714; Corby v. Railroad, 150 Mo. 468; Paul v. Detroit, 32 Mich. 108; Bagley v. People, 43 Mich. 355; State ex rel. v. Railroad, 19 Mo. App. 164; Bauer v. Railroad, 69 Mo. 219; Hodges v. Railroad, 71 Mo. 50. There was no competent evidence of the reasonable market value of the mule.   (2) The court erred in giving instruction No. 1, requested by plaintiff over the objections of the defendant.   Authorities cited under point one:   Maxey v. Railroad, 113 Mo. 1; Stevens v. Railroad, 67 Mo. App. 365; Roddy v. Railroad, 104 Mo. 250; Prather v. Railroad, 84 Mo. App. 86. (3)   The court erred in giving instruction No. 1, on the measure of damages.

*A. O. Harrison* for respondent.

The point at which the mule was killed was a "place where the railroad crosses a traveled   public   road   or street."   Russell v. Receivers, 70 Mo. App. 95; Bailey v. Culver, 12 Mo. App. 175; Kalteyer v. Sullivan, 46 S. W. 288; Byrne v. Railroad, 28 Hun 438; The State to use v. Railroad, 46 Mo. App. 466.   There was ample competent evidence to prove the market value of the mule.   17 Cyc. 117-119.   Instruction number 1 for plaintiff was properly given.   Byrne v. Railroad, 28 Hun 438.

BROADDUS, P. J.—This is an action to recover for the value of a mule, killed by one of defendant's freight trains, at the alley between Cherry and Holmes streets on the tracks of the Kansas City Belt Railway Company, on the 20th day of July, 1909, in Kansas City, Missouri.

The evidence was that this alley at the point of intersection with the tracks and right of way of the said Belt Railway Company was, "constructed like the ordinary street crossing over a railroad track," and that it was so used by "wagons and footmen and horses and horsemen as a crossing."   At the time, the mule was run-

ning loose and was going south in said alley toward said crossing. A freight train, operated by defendant, to which was attached two engines, was going east, on an up grade, toward the point of the accident; the mule walked onto the track, was struck by the front engine and killed. No signal or warning was given by those in charge of the train of its approach; that the steam was not turned off of either engine and no effort was made to stop the train.

The plaintiff went to the jury on the charge of negligence based upon the failure of defendant to ring the bell as the train approached the crossing. Defendant introduced no evidence except certain ordinances of Kansas City. At the close of the evidence upon the part of plaintiff, defendant requested the court to give to the jury an instruction in the nature of a demurrer to the evidence, which the court denied. A similar request was made to the court at the close of all the evidence, which was also denied.

The court gave at the instance of the plaintiff instruction one which reads as follows: "The court instructs the jury that it was the duty of the defendant in this case, under the law, to ring the bell on said train continuously for eighty rods next before reaching said crossing, and if you find and believe from the evidence in this case that the parties in charge of the train of cars failed to ring the bell eighty rods from the crossing, and continue to ring the same, until said train reached said crossing, and if the jury further believe that the killing of said mule, if it was killed, resulted from such failure to ring the bell, then your verdict must be for the plaintiff, and if you find the issues for the plaintiff, you will assess his damages at such sum as you may find and believe from the evidence was the reasonable market value of said mule at the time of the killing, if it was killed, not to exceed the sum of $200."

The jury returned a verdict for the plaintiff in the sum of $125. From the judgment defendant appealed.

Irving v. Railroad.

The principal errors assigned by appellant are first: the plaintiff failed to prove that the mule was killed at a place where the railroad crossed a traveled public road or street; and second: the court assumed that in instruction one given for the plaintiff, the place in question was a public crossing.

It is contended that an alley is not a public road or street within the meaning of section 3140, Revised Statutes 1909. The language of the statute is "A bell shall be placed on each locomotive engine and be rung at a distance of at least eighty rods from the *place where the railroad shall cross any traveled road or street,*" etc.

Ordinarily, in speaking of an alley, we have no reference to what we usually call a street, or a public highway. The statute refers not to streets as such, but to traveled streets and to any "traveled public road." The fact that the way is used for public travel will not prevent it from being a public road because it is an alley. The evidence tended to show that the alley in question was a traveled public road, and that was sufficient to make it such, notwithstanding its name.

The crossing over the track in question was in appearance like other crossings over railroad tracks, and the jury had the right to infer that it was placed there by the Belt Line Company for the use of the public. And we believe the court had the right to assume that it was a public crossing. The court was not required to consider the probability that some one other than the Belt Line Company may have erected the crossing there for their own purposes. We will assume that said company would not have permitted any unauthorized construction of a permanent nature like a railroad crossing over its tracks. The evidence we think conclusively shows that the alley in question was a traveled public road, and every presumption is that the crossing was erected by the Belt Line Company for the use of the public.

Judgment affirmed. All concur.